Mrs. Mary M. OWENBY, Plaintiff,

v.

John W. GARDNER, Secretary, Department of Health, Education and Welfare, Defendant.

Civ. A. No. 10376.

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 19, 1967.

Matthews & McClelland, Atlanta, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for defendant.

ORDER OF COURT.

HOOPER, District Judge.

Plaintiff in the above styled case filed her complaint in this Court on August 23, 1966 seeking a review of a final decision of the Secretary of Health, Education and Welfare denying social security benefits. Service was perfected upon the local United States Attorney on August 25, 1966, and upon the Secretary on September 1, 1966. Upon motion by plaintiff, on the 2nd day of December, 1966 the Clerk of Court entered a default due to the failure on the part of the Secretary to answer the complaint. Three days later an answer was filed. On January 4, 1967 the defendant moved for summary judgment in his favor. Plaintiff then made a motion to strike defendant's answer and motion for summary judgment. She further prayed for direction as to how she should present her evidence to show her right to relief pursuant to Federal Rules of Civil Procedure No.

55(e) and for entry of Judgment in her favor.

*Rule 55(e)* provides:

"No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

■ In the case of Fedor v. Ribicoff (D.C.Pa.1962) 211 F.Supp. 520 the Court held that before the plaintiff could be entitled to judgment in his favor he must have established proof of his claim. In this type of action that burden is to show substantial evidence in the administrative record.

■ The motion to strike the answer and motion for summary judgment is denied. The entry of default of December 2, 1966 is set aside. The plaintiff is given twenty (20) days from this date to submit a brief responding to the motion for summary judgment by the defendant, if he so desires.